IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:15-cr-00164-B |
| FOLUKE ADOEYE (01) | |

PLEA AGREEMENT

The defendant, **Foluke Adoeye**, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: The defendant understands that she has the rights

    (a) to plead not guilty;

    (b) ~~to have a trial by jury;~~

    (c) to have her guilt proven beyond a reasonable doubt;

    (d) to confront and cross-examine witnesses and to call witnesses in her defense; and

    (e) against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights, and pleads guilty to the offense alleged in Count One of the indictment, charging a violation of 18 U.S.C. § 371 (18 U.S.C. § 1035(a)(2)), that is, conspiracy to commit false statements relating to health care matters. The defendant understands the nature and elements of the crime to which she is pleading guilty, and agrees that the factual resume she has signed is true and will be submitted as evidence.

Plea Agreement - Page 1

3. **Sentence**: The maximum penalties the Court can impose include:

    (a)    imprisonment for a period not to exceed 5 years;

    (b)    a fine not to exceed $250,000 or twice any pecuniary gain to the defendant or loss to the victim(s);

    (c)    a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

    (d)    a mandatory special assessment of $100;

    (e)    restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    (f)    costs of incarceration and supervision, and

    (g)    forfeiture of property.

4. **Sentencing Agreement**: Pursuant to Rule 11(c)(1)(C), the parties agree that the defendant should be sentenced to a term of probation of at least one year but not more than five years. If the Court accepts this plea agreement, this provision is binding on the Court. Pursuant to Rule 11(c)(5), if the Court rejects this plea agreement, the Court shall afford the defendant the opportunity to withdraw her plea and advise the defendant that, if she persists in her guilty plea, the Court is not bound by the plea agreement and the disposition of the case may be less favorable than that contemplated by the plea agreement.

5. **Mandatory special assessment**: Prior to sentencing, the defendant agrees to pay to the U.S. District Clerk the amount of $100.00 in satisfaction of the mandatory special assessment in this case.

6. **Defendant's agreement**: The defendant shall give complete and truthful information and/or testimony concerning her participation in the offense of conviction. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on her in order to evaluate her ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that she has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

7. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may not be any additional terms. This

agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

8. **Violation of agreement**: The defendant understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against her of any information or statements she has provided to the government, and any resulting leads.

9. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the District Court. She further waives her right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence

exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

11. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal representation. The defendant has received from her lawyer explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement. Because she concedes that she is guilty, and after conferring with her lawyer, the defendant has concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

//
//
//
//
//
//
//
//
//
//
//
//
/
//
//
//
//
//

12. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 14th day of ~~August~~ September, 2015.

JOHN R. PARKER
UNITED STATES ATTORNEY

_____
FOLUKE ADOEYE
Defendant

_____
DOUGLAS B. BRASHER
Assistant United States Attorney
Texas State Bar No. 24077601
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8604
Facsimile:   214-659-8802
douglas.brasher@usdoj.gov

_____
WILLIAM R. BIGGS
Counsel for Defendant

_____
LISA J. MILLER
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____        ___9-8-15_____
FOLUKE ADOEYE                                                        Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____        _____
WILLIAM R. BIGGS                                          Date
Counsel for Defendant